UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **United States of America** | § | |
| | § | |
| vs. | § | 1:19-cr-00311-LY-1 |
| | § | |
| **Shawn P. Fontenette (1)** | § | |

**O R D E R**

Before the Court are Defendant's Motion for Reconsideration of Bond, filed August 5, 2020 (Dkt. 62), and the Government's Response, filed August 11, 2020 (Dkt. 64). The District Court referred Defendant's Motion to the undersigned on August 6, 2020. Dkt. 63.

## I. Background

Defendant was arrested on September 24, 2019, pursuant to a warrant based on a complaint of unlawful possession of a firearm by a previously convicted felon. *See* Dkts. 1-2, 10. After a detention hearing on September 30, 2019, Defendant was ordered detained pending trial. Dkt. 13.

On December 3, 2019, Defendant was indicted on one count of Possession with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 841, and one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A). Dkt. 16. The first count carries a mandatory minimum five-year prison sentence and a maximum possible term of 40 years; the second count carries an additional five-year minimum sentence, to be imposed consecutively, with a maximum possible term of life in prison. *See* Dkts. 57 at 1, 64 at 1. On February 28, 2020, Defendant pled guilty to both counts pursuant to a plea agreement. *See* Dkt. 33. In the plea agreement, the Government recommends a sentence of 180-240 months. Dkt. 62 at 2.

1

Defendant originally was set for sentencing on May 5, 2020, but after being reset several times, his sentencing is currently set for October 2, 2020. *See* Dkts. 34, 59. Defendant explains in his Motion that sentencing "has been delayed because of Covid concerns, in part because Fontenette desires to have an in-person sentencing hearing and does not wish to be sentenced via video." Dkt. 62 at 1.

In his Motion, Defendant seeks release due to the conditions at the Limestone County Jail, where he is detained. Defendant submits that conditions at the jail are unusually stringent due to the COVID-19 pandemic, and that inmates run the risk of exposure from prisoners transferred to the jail from other institutions. *See id.* at 2-3.

The Government opposes the motion, contending the Defendant has failed to meet the requirements of 18 U.S.C. § 3143.

## II.   Analysis

The Government correctly states that Defendant's release or detention pending sentence is governed by 18 U.S.C. § 3143(a)(2), which provides:

> **(2)** The judicial officer ***shall order*** that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence ***be detained unless***—
>
> **(A)(i)** the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> **(ii)** an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> **(B)** the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

(emphasis added). Section 3142(f)(1)(B) describes "an offense for which the maximum sentence is life imprisonment or death," while § 3142(f)(1)(C) describes, in relevant part, "an offense for

which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)." As stated above, the maximum sentence for the firearm charge to which Defendant pled guilty is life imprisonment, while a maximum term of imprisonment of forty years is prescribed for the controlled substances charge. Section 3143(a)(2) thus applies to Defendant.

Leaving aside § 3142(a)(2)(B), Defendant cannot satisfy the requirements of either § 3142(a)(2)(A)(i) or (ii). As Defendant is awaiting sentencing pursuant to a plea agreement, the Court does not find under § 3142(a)(2)(A)(i) that there is a substantial likelihood that a motion for acquittal or new trial will be granted. Nor can Defendant satisfy § 3142(a)(2)(A)(ii) because the Government has recommended a sentence of 180-240 months in prison, and there is a mandatory five-year minimum term of imprisonment for each of the two counts to which Defendant pled guilty. The Court therefore concludes that Defendant must be detained pursuant to § 3143.

### III.  Conclusion

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion for Reconsideration of Bond (Dkt. 62) is **DENIED**.

**SIGNED** on August 12, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE